* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Special Deputy Commissioner Taylor, and the briefs before the Full Commission. The appealing party did not show good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order, except for minor modifications. Accordingly, the Full Commission affirms and adopts the Decision and Order of Special Deputy Commissioner Taylor, with some modifications.
 * * * * * * * * * * *
Based upon all of the competent evidence of record, and reasonable inferences flowing therefrom, the Full Commission makes the following findings: *Page 2 
1. These matters, consolidated on April 18, 2007, are before the North Carolina Industrial Commission on the defendant's Motion to Dismiss.
2. The plaintiff alleged in his Affidavit that he suffered cruel and unusual punishment, in violation of his constitutional rights, and of the "Civil Rights of Institutionalized Persons Act," as a result of being placed in an overcrowded inmate dormitory. The plaintiff further contends that he did not receive an amiable resolution to the situation through the Inmate Grievance Procedure, in violation of 42 U.S.C. 1997.
3. The defendant moved to dismiss the plaintiff's claims on the following grounds: (1) lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure, since the allegations of the Affidavit allege intentional acts and constitutional violations by state employees, and these are matters over which the North Carolina Industrial Commission has no jurisdiction; (2) failure to state a claim upon which relief can be granted, in that the plaintiff's allegations are not sufficient to establish that the injuries sustained were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment, pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure; (3) the plaintiff's allegations do not establish negligence; (4) the plaintiff did not show that any injuries incurred were the proximate result of negligent acts; and (5) the plaintiff's Affidavit failed to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure.
4. The plaintiff moved for a default judgment against the defendant, allegedly due to the defendant's failure to timely answer his claim.
5. The plaintiff received ample opportunity to respond to the defendant's Motion at the hearing before Special Deputy Commissioner Taylor on December 6, 2007. *Page 3 
6. The plaintiff failed to describe any negligence on the part of the named state employees, and, the North Carolina Industrial Commission has no jurisdiction over the plaintiff's claims for constitutional violations and/or intentional misconduct of named state employees.
7. The plaintiff is not entitled to a default judgment against the defendant, as no Answer is required until a ruling is made on defendant's Motions to Dismiss.
 * * * * * * * * * * *
Based upon the foregoing findings, the Full Commission enters the following conclusions of law:
1. N.C. Gen. Stat. § 143-291(a) confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the North Carolina State Board of Education, the North Carolina Department of Transportation, and all other departments, institutions, and agencies of the State. Under the provisions of the North Carolina State Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v. N.C. State University, 321 N.C. 706, 709,365 S.E.2d 898, 900 (1988).
2. The plaintiff's allegations in his Affidavit and at the motions hearing, taken as true, amount to allegations of intentional acts and constitutional violations on the part of the defendant. The plaintiff did not state an actionable claim for negligence against the defendant.
3. Claims based on intentional acts and/or constitutional violations are not within the scope of the North Carolina Tort Claims Act. N.C. Gen. Stat. § 143-291. Therefore, the North Carolina Industrial Commission lacks jurisdiction over the plaintiff's claims.
4. The plaintiff is not entitled to a default judgment against the defendant.
 * * * * * * * * * * * *Page 4 
Based upon the foregoing findings and conclusions, the Full Commission enters the following:
 ORDER
1. Plaintiff's claims under the State Tort Claims Act must be and are hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 14th day of August, 2008.
 S/___________________
 BERNADINE S. BALLANCE
 COMMISSIONER
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER